UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-02345-SSS-PD | Date | May 8, 2026 |
|---|---|---|---|
| Title | *Edgar Karapetyan v. Todd M. Lyons et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING EX PARTE
APPLICATION FOR A TEMPORARY RESTRAINING
ORDER [DKT. NO. 2]**

Before the Court is Petitioner Edgar Karapetyan's Ex Parte Application for a
Temporary Restraining Order, [Dkt. No. 2, Application or "App"], alongside the
Petition for Habeas Corpus, [Dkt. No. 1, "Pet."].  Respondents filed an Opposition.
[Dkt. No. 10].  Petitioner filed a Reply.  [Dkt. No. 12].  Having considered the
parties' arguments, relevant legal authority, and the record in this case, the Court
**GRANTS** the Application for a Temporary Restraining Order.

## I.    BACKGROUND

Petitioner Edgar Karapetyan is a citizen of Armenia, born September 30,
1996.  [Pet. ¶ 13].  On or around September 29, 2021, Petitioner was admitted to
the United States as an arriving alien at the San Ysidro, California, Port of Entry.
[*Id.* ¶ 14].  On January 27, 2022, U.S. Immigration and Customs Enforcement
("ICE") issued a Notice to Appear placing Petitioner in removal proceedings under
section 240 of the Immigration and Nationality Act.  [*Id.* ¶ 15].  Those proceedings
have remained pending for over four years while he has remained in liberty.  [*Id.* ¶
34].

In February 2026, Petitioner was cited by local law enforcement on suspicion of driving under the influence. [*Id.* ¶ 16]. A few days later, on or around March 1 or 2, 2026, ICE agents arrived at Petitioner's home in multiple vehicles and arrested him. [*Id.* ¶ 17]. The agents did not present an arrest warrant or otherwise explain the basis for the arrest. [*Id.* ¶ 18]. Petitioner has not been convicted of any crime in the United States. [*Id.* ¶ 19].

Since his arrest, Petitioner has been detained at the ICE Desert View Facility, located at 10450 Rancho Road, Adelanto, California 92301. [*Id.* ¶¶ 4, 20]. He has not received an individualized bond hearing. [*Id.* ¶ 2].

Petitioner alleges that he has suffered three seizures while in custody at Desert View. [*Id.* ¶ 21]. Petitioner and his family have repeatedly requested specialized neurological care, but Respondents have not provided it. [*Id.* ¶¶ 21, 39]. Petitioner alleges that his recurrent seizures require, at minimum, emergent neurological evaluation, brain imaging, and pharmacological management, none of which has been furnished. [*Id.* ¶ 39].

## II.    LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

For the Court to grant an application for a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of [his] underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Under

the sliding scale approach, a petitioner is entitled to a TRO if she has raised "serious questions going to the merits . . . and the balance of hardships tips sharply in [his] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

## III.   DISCUSSION

First, the Court finds that Petitioner has made a sufficient showing of likelihood of success on the merits.  Once he was released and allowed to be at liberty, he retained a "protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. July 24, 2025) (collecting cases); *see also Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (noncitizens protected by Due Process Clause).  "[T]he government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi*, 792 F. Supp. 3d at 1032 (citation modified).  "[I]t is clear that there is a significant risk that the government will erroneously deprive [Petitioner] of that liberty interest if it does not provide [him] with a pre-detention hearing," as such a hearing provides a crucial "opportunity to determine whether there is any valid basis for [his] detention." *Id.* at 1035.  There is no indication in the record that such a hearing took place.  On the contrary, Respondents have presented no evidence that Petitioner did not fully comply with every condition of his parole at the time of his arrest.  Respondents state that a "recent arrest for a DUI facially falls within that category [of there being a material change in circumstances relative to Petitioner's criminal danger or flight risk]," but cites to no authority supporting such a statement.

In any case, as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously released noncitizens like Petitioner without a pre-detention hearing.  *Fernández López v. Wofford*, No. 25-CV-01226-KES-SKO, 2025 WL 2959319, at *6 (E.D. Cal. Oct. 17, 2025) ("In immigration court, custody hearings are routine and impose a minimal cost. If the government wishes to re-arrest petitioner at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." (citation modified)).  Therefore, there is sufficient showing of likelihood that Petitioner's due process rights were violated.

Next, the Court finds that there is immediate, irreparable harm.  Here, this case presents the requisite individualized exigency.  Petitioner currently suffers immediate, irreparable harm because he has likely been detained in violation of his

CIVIL MINUTES—
GENERAL    Initials of Deputy Clerk iv

constitutional rights, and "[i]t is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).  Every minute of liberty lost while being detained is a violation of Petitioner's constitutional rights.  Therefore, this factor favors Petitioner.

Finally, the balance of the hardships and public interest factors tip strongly in Petitioner's favor because he will suffer great hardship if this Court were to deny temporary injunctive relief.  *See All. for the Wild Rockies*, 632 F.3d at 1134–35 (requiring the balance of hardships to "tip sharply" in the moving party's favor). In the absence of an injunction, Petitioner is experiencing and will continue to experience detention that resulted from a deprivation of his due process rights, and "the public has a strong interest in upholding procedural protections against unlawful detention." *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020).  The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).

## IV.    CONCLUSION

As such, the Court **GRANTS** Petitioner's Application for a Temporary Restraining Order.  [Dkt. No. 2].  The Court **ORDERS** Respondents to immediately release Petitioner from their custody.

Respondents are **ENJOINED AND RESTRAINED** from again detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent those harms. *Pinchi*, 792 F. Supp. 3d at 1037–38.

Respondents are **ORDERED** to file a status report certifying compliance with the above order of release within three (3) days from the date of this Order. The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED.**